AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

United States of America
v.
JULIO VALERIO-SENTENO
a/k/a "Julio Alberto Valerio-Centeno,"
a/k/a "Julio V. Senteno,"
a/k/a "Valerio J. Senteno"

*Defendant(s)*

Case No. 25-mj-087

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 15, 2025 in the parish of Jefferson in the Eastern District of Louisiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry of a Removed Alien |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

s/ Michael P. Morgan (Badge No. 8975)
*Complainant's signature*

Michael P. Morgan, Special Agent-HSI-DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 20, 2025

*Judge's signature*

City and state: New Orleans, LA

Hon.Eva Dossier, U.S. Mag. Judge
*Printed name and title*

___ Fee ______
x Process 2 cc usm
___ Dktd ______
___ CtRmDep ______
___ Doc. No ______

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 25-mj-087** |
| **v.** | * | **SECTION: MAG** |
| **JULIO VALERIO-SENTENO**<br>**a/k/a "Julio Alberto Valerio-Centeno,"**<br>**a/k/a "Julio V. Senteno,"**<br>**a/k/a "Valerio J. Senteno"** | *<br>*<br>* | |

* * *

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

1. I, Michael P. Morgan, am a Supervisory Detention and Deportation Officer (SDDO) with U.S. Immigration & Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), 1250 Poydras St., Suite 350, New Orleans, LA. I am currently assigned to the Prosecution Unit at the New Orleans Field Office.

2. I have 8 years training and experience in the enforcement of immigration and naturalization law of the United States. Part of my duties as an SDDO, requires me to identify, locate, apprehend, and remove foreign nationals or aliens who are found in the United States in violation of the Immigration and National Act (INA). I investigate criminal violations of Titles 8 and 18 of the United States Code, including illegal reentry into the United States.

3. This affidavit is submitted in support of a criminal complaint charging **JULIO VALERIO-SENTENO ("VALERIO-SENTENO")** with a violation of Title 8, United States Code, Section 1326(a), illegal re-entry of a previously removed alien.

4. **VALERIO-SENTENO** is an alien assigned Alien Registration Number XXX-XXX-655, who was ordered deported by an immigration judge in Oakdale, Louisiana, on June 7, 2011, and thereafter removed from the United States to Honduras on July 1, 2011, according to DHS records.

5. On or about February 4, 2012, **VALERIO-SENTENO** was encountered by the United States Border Patrol near Brownsville, Texas. On February 4, 2012, the United States Border Patrol processed **VALERIO-SENTENO** as an (I-871) Notice of Intent/Decision to Reinstate Prior Order of Removal and removed **VALERIO-SENTENO** from the United States to Honduras on February 27, 2012, according to DHS records.

6. On or about March 26, 2013, **VALERIO-SENTENO** was encountered by the United States Border Patrol near Brackettville, Texas. On March 26, 2013, the United States Border Patrol processed **VALERIO-SENTENO** as an (I-871) Notice of Intent/Decision to Reinstate Prior Order of Removal and presented **VALERIO-SENTENO** for federal prosecution for a violation of Title 8, United States Code, Section 1325(a)(1) for the offense of illegal entry. **VALERIO-SENTENO** was convicted on April 1, 2013, in the United States District Court, Western District of Texas, Del Rio Division, under criminal docket number DR:13-M-04409(1)-VRG to which **VALERIO-SENTENO** was sentenced to 180 days in the federal Bureau of Prisons. On or about September 14, 2013, ERO Big Springs, Texas encountered **VALERIO-SENTENO** as he neared the completion of his federal sentence. **VALERIO-SENTENO** was placed in ERO custody on or about September 20, 2013, and removed from the United States to Honduras on October 2, 2013, according to DHS records.

7. At an unknown place and time, but after this date, **VALERIO-SENTENO** again reentered the United States without inspection. On May 15, 2025, **VALERIO-SENTENO** was found to be unlawfully present in the United States based on an Immigration Alien Query from the Jefferson

Parish Jail, after receiving a positive biometric hit following his arrest by the Jefferson Parish Sheriff's Officers for the offense of resisting an officer, and open attachments. Consequently, ERO New Orleans issued a detainer with the Jefferson Parish Jail for **VALERIO-SENTENO**.

8. Extensive record and database checks indicate that **VALERIO-SENTENO** re-entered the United States without permission, inspection, or parole by an immigration officer and without the express consent of the United States Attorney General or the Secretary of the Department of Homeland Security for readmission to the United States and was encountered in the Eastern District of Louisiana by law enforcement.

**CONCLUSION**

9. Based on the foregoing, your affiant respectfully submits that probable cause exists to believe that **VALERIO-SENTENO** re-entered the United States without the express consent of the United States Attorney General or the Secretary of the Department of Homeland Security for re-admission after having been ordered deported and removed from the United States, all in violation of Title 8, United States Code, Section 1326(a), re-entry of a removed alien. Affiant also prays that the Court will issue an arrest warrant for **VALERIO-SENTENO** for said violation.

*/s/ Michael P. Morgan*
Michael P. Morgan (Badge #8975)
Supervisory Detention & Deportation Officer
Immigration and Customs Enforcement
Department of Homeland Security

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit are true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me, this
20th day of May 2025.
New Orleans, Louisiana.

HONORABLE EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE